TAniAEERRO, J.
This action is upon a promissory note for $924, drawn by D. Beer, as agent of the defendant, to. the order of'Myers & Levy, payable sixty days after date, 13th January, 1866.
The answer is a general denial.
.The defendant specially denies that Beer was authorized by him to draw’the nóte sued upon, and that he was his agent. The cáse was. twice tried in the Court below, and each time with the same result, the rendition of judgment against the defendant, who appeals.
The signature of Beer, as agent, and his authorization to draw promissory notes, in the name of Simmons, are fully proved. The endorsement of the payees, under which the plaintiff holds, is not so fully established.
Pierson, a witness, testified on the first trial that the endorsement is in the handwriting of the payees; on the second trial, he stated that the endorsement is in the handwriting of S. J. Weilman. No authority is shown to Weilman to make the endorsement. The defendant resists the payment of the note on the further ground that it was executed for a consideration personal to the agent, and for a matter not within the range of the business of the principal. The evidence shows that the note was given to Myers & Levy, for goods purchased by Beer to take to Matamoras. It appears that Simmons purchased goods in New York, and shipped them to Matamoras. Before his departure for New York, he went with Beer to Bloom, a witness, and told Bloom that Beer wanted to buy goods for Matamoras, and asked him to let Beer have them, telling Bloom that he would pay him for whatever goods Beer might buy of him, if Beer failed to do so himself. Beer went to Matamoras in January, 1865, for the purpose of engaging in business there. Previously, he was doing a small dry goods business in New Orleans, as agent of Simmons. It appears that Simmons, after his return to New Orleans, was applied to by Myers for payment of fhe note, and that he replied to him that if he would give *371 him time he -would pay it, but if he sued him he would not pay it. The business relations shown to have existed between these persons seems to cast some doubt upon the truth of the defendant’s averment, that the giving of the note by Beer to Myers & Levy was an act not within the scope of the agency. Be this as it may, his agreement to pay the note amounts to a ratification of his agent’s act, and defeats this ground of his defence. We think the plaintiff has made out his case, and that he is entitled to recover.
It is therefore ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs in both courts.
Rehearing refused.